1 LITTLER MENDELSON, P.C.
RYAN L. EDDINGS, Bar No. 256519
2 SYED H. MANNAN, Bar No. 328218
5200 North Palm Avenue, Suite 302
3 Fresno, CA 93704.2225
Telephone:    559.244.7500
4 Facsimile:    559.244.7525

5 Attorneys for Defendant
VITRO FLAT GLASS, LLC

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                         FRESNO DIVISION

11

12 RAY BALLADAREZ,                     Case No.

13             Plaintiff,              **NOTICE OF REMOVAL OF CIVIL**
                                       **ACTION TO FEDERAL COURT**
14 v.

15 VITRO FLAT GLASS, LLC, a Delaware
Limited Liability Company, and DOES 1-   Action filed in State Court: 05/04/2020;
16 50, inclusive,                          Fresno County Superior Court Case No.
                                           20CECG01368
17             Defendants.

18

19

20        **TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES'**

21 **COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant VITRO FLAT GLASS,

22 LLC ("Vitro Flat Glass" or "Defendant"), by and through the undersigned counsel, and pursuant to 28

23 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior

24 Court of the State of California, County of Fresno, to the United States District Court for the Eastern

25 District of California (the "Notice of Removal"). In support of its Notice of Removal, Vitro Flat Glass,

26 LLC respectfully submits to this Honorable Court the following information.

27 ///

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

(No.  )                                   NOTICE OF REMOVAL OF CIVIL ACTION TO
                                                      FEDERAL COURT

## STATEMENT OF JURISDICTION (DIVERSITY)

1.      Removal jurisdiction exists because this Court has original jurisdiction over Plaintiff RAY BALLADAREZ'S ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither Plaintiff nor any Defendant are citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction). Here, Plaintiff was a citizen of California at the time the Complaint was filed in the Fresno County Superior Court and is not currently a citizen of either Delaware or Pennsylvania or Texas. At the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Defendant is a Delaware limited liability company and a wholly owned subsidiary of Vitro Assets Corporation, which is a Texas corporation. Vitro Assets Corporation is a Texas corporation with its principal place of business in Cheswick, Pennsylvania. As set forth herein, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## STATE COURT ACTION

2.      On or about April 29, 2020, Plaintiff filed this action in the Fresno County Superior Court, titled *Ray Balladarez v. Vitro Flat Glass, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,* Case Number 20CECG01368, which is attached hereto as Exhibit A. The Complaint was served on Vitro Flat Glass, LLC on June 10, 2020. See concurrently-filed Declaration of Syed H. Mannan ("Mannan Decl."), at ¶ 2.

3.      Plaintiff's Complaint purports to assert nine causes of action against Defendant for: (i) wrongful termination in violation of public policy; (ii) whistleblower wrongful termination in violation of Labor Code section 1102.5; (iii) disability and mediation condition discrimination and retaliation in violation of Government Code section 12940(a); (iv) unlawful retaliation in violation of Government Code section 12940(n); (v) failure to investigate and prevent or remedy discrimination and retaliation in violation of Government Code section 12940(k); (vi) failure to provide meal and/or rest periods in violation of California Labor Code section 226.7 and Industrial Welfare Commission regulations; (vii) failure to pay overtime compensation under California Industrial Welfare Commission Orders and California Labor Code sections 510, 512, 558, 1194 and 1198; (viii) failure

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

(No. )                                          2.                    NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

to compensate for all hours worked under California Industrial Welfare Commission Order and California Labor Code section 1198; and (ix) waiting time penalties pursuant to California Labor code section 203.

4.     Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on or about July 8, 2020. A true and correct copy of the General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

## TIMELINESS OF NOTICE OF REMOVAL

6.     An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served his Complaint on June 10, 2020. Mannan Decl., at ¶ 2. Therefore, Defendant can remove this action up to July 10, 2020 *See* FED. R. CIV. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

## VENUE

7.     Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Eastern District of California insofar as Defendant conducts business within Fresno County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

## NOTICE TO PLAINTIFF

8.     As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff. See Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit C.

## NOTICE TO THE SUPERIOR COURT

9.     Defendant also filed this Notice of Removal with the Clerk of the Fresno County Superior Court. See Defendant's Notice to State Court of Removal of Civil Action to Federal Court, attached hereto as Exhibit D.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

(No.  )                                      3.                    NOTICE OF REMOVAL OF CIVIL ACTION TO
                                                                  FEDERAL COURT

**FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION**

10.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff claims that he is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

**A.      Citizenship of Parties**

11.     Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. *See* Complaint, ¶ 1 ("Plaintiff is a resident of Fresno County, California.").

12.     "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant is a limited liability company duly organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Cheswick, Pennsylvania. See concurrently-filed Declaration of Connie Cuellar In Support of Defendant's Notice of Removal of Civil Action to Federal Court ("Cuellar Decl."), at ¶ 2. Upon information and belief, Defendant is a wholly owned subsidiary of Vitro Assets Corporation, which is a Texas corporation with its principal place of business in Cheswick, Pennsylvania. Cuellar Decl., at ¶ 2. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Because the citizenship of a limited liability company is determined by the citizenship of its members, Defendant is a citizen Texas. Therefore, for purposes of diversity jurisdiction, Defendant is a citizen of Texas. Defendant is not a citizen of California.

**B.      Amount in Controversy**

13.     Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

(No. )                                          4.                    NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

14.     Here, Defendant reasonably and in good faith believes that the amount put in controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on his claims for violations of the California Labor Code, Fair Employment and Housing Act, Industrial Welfare Commission Order No. 9-2001, and wrongful termination in violation of public policy, she would be entitled to recover the amount she would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970). Plaintiff worked as a Maintenance Lead for Defendant and was separated from employment on or about March 27, 2020. *See* Complaint, ¶ 6; Cuellar Decl., ¶ 3. Plaintiff's last regular rate of pay was $28.00. Cuellar Decl., ¶ 3. Plaintiff ordinarily worked at least 40 hours per week. Cuellar Decl., ¶ 3. Plaintiff seeks lost income from the date of his termination on March 27, 2020, through to the present and into the future. *See* Complaint, ¶¶ 23, 28, 31. As of the date of this Notice of Removal, it has been approximately fifteen (15) weeks since Plaintiff was separated from employment. Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $16,800 in damages from lost income alone as of the date of this filing, with damages continuing into the future through trial continuing at the rate of approximately $1,120 per week.

15.     Plaintiff also seeks compensation for the nonpayment of wages for the Defendant's alleged failure to pay overtime compensation and for the Defendant's alleged failure to

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

(No.  )                                                    5.                    NOTICE OF REMOVAL OF CIVIL ACTION TO
                                                                                                    FEDERAL COURT

1   compensate Plaintiff for all hours worked. *See* Complaint, ¶¶ 41, 47. Although Defendant vigorously

2   denies Plaintiff's allegations, if Plaintiff were to prevail on his claims, the damages on these claims

3   further augment the foregoing amount, and make it more likely than not that the total amount in

4   controversy exceeds the jurisdictional amount of $75,000.

5   16.   Additionally, Plaintiff seeks an award of attorneys' fees in connection with his

6   claims for wrongful termination in violation of public policy, whistleblower wrongful termination,

7   and for violations of various provisions of the California Labor Code. Complaint, ¶¶ 15, 18, 41, 47.

8   Attorney's fees are also included in the amount in controversy calculation when the underlying claims

9   permit recovery of attorneys' fees. *Galt G/S, supra*, 142 F.3d at 1156. One relatively recent Eastern

10   District case involving similar allegations of discrimination, retaliation and whistleblowing resulted

11   in fees exceeding half a million dollars. *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D.

12   Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case involving

13   discrimination, retaliation and whistleblowing claims); *see also Rivera v. Costco Wholesale Corp.*,

14   2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008), *citing Simmons v. PCR Tech.*, 209 F. Supp.

15   2d 1029, 1035 (N.D. Cal. 2002) ("attorneys' fees in individual discrimination cases often exceed the

16   damages"). Accordingly, attorneys' fees alone are likely to be greater than $75,000.

17   17.   Plaintiff also seeks damages for emotional distress he alleges he suffered.

18   Complaint, ¶¶ 23, 28, 31 (*e.g.*, "Plaintiff further claims general damages in the form of mental and

19   emotional distress and aggravation in an amount to be shown to proof at trial.") Plaintiff's claim for

20   emotional distress damages further augments the foregoing amounts and demonstrates that the

21   jurisdictional prerequisite for removal of this action is met. *See Luckett v. Delta Airlines, Inc.*, 171

22   F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored

23   into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is

24   entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for

25   emotional distress. *See, e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*,

26   535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award

27   of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157

28   (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

(No.   )                                6.                NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

1  established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress

2  damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost

3  wages, thus satisfying the amount in controversy requirement "even without including a potential

4  award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks

5  damages for emotional distress and lost wages is at issue. Thus, based on *Kroske* and other analogous

6  cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the

7  amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for

8  back pay, front pay, and attorney's fees, easily places the amount of controversy in excess of $75,000.

9           18.    The amount in controversy includes punitive damages unless (1) punitive

10  damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would

11  not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pac. Fin. Servs.*, 75 F.3d

12  311, 315 (7th Cir. 1996); *St. Paul Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250,

13  1253-1254. Here, Plaintiff alleges that he is entitled to punitive damages for Defendant's alleged

14  misconduct, but does not provide a total amount of the alleged punitive damages sought. *See*

15  Complaint ¶¶ 15, 17, 23, 28, and 31, ("[Defendant's] acts were the product of malice, fraud or

16  oppression such as to justify an award of punitive damages pursuant to Civil Code 3294."). With

17  respect to punitive damages, California law does not provide any specific monetary limit on the

18  amount of punitive damages which may be awarded under Civil Code section 3294, and the proper

19  amount of punitive damages under California law is based on the reprehensibility of a defendant's

20  misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a

21  defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Jury verdicts

22  in disability discrimination cases in California reflect the likelihood that if Plaintiff prevails at trial,

23  his damages would clearly exceed the $75,000 amount in controversy threshold. *See e.g., Rivera*

24  *supra,* 2008 U.S. Dist. LEXIS 58610 at *10-11, *citing Kolas v. Access Business Group LLC*, 2008 WL

25  496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages

26  for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries*

27  *USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in

28  emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

(No.   )                                   7.                    NOTICE OF REMOVAL OF CIVIL ACTION TO
                                                                              FEDERAL COURT

prevent discrimination and failure to accommodate a pregnant employee who requested fifteen minute breaks every two hour); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his claims, the punitive damages alone could exceed the jurisdictional minimum.

19.     Additionally, Plaintiff also seeks recovery of civil penalties associated with her claim for whistleblower wrongful termination. Complaint, ¶ 18. Plaintiff claims that "Defendants are liable for a $10,000.00 civil penalty to Plaintiff pursuant to § 1102.5(f)." *Id.*

20.     Plaintiff also seeks an additional one-hour wage premium for every day that Plaintiff was not provided with a proper meal period and an additional one-hour wage premium for every day that the Plaintiff was not provided with a proper rest break. *See* Complaint, ¶¶ 32-35. Although Defendant denies Plaintiff's allegations, if Plaintiff were to prevail on the meal and rest period claims, the total alone from payments of meal and rest break premiums for each day Plaintiff was entitled to a meal or rest break could be substantial given the Plaintiff's long tenure with Defendant. *See* Complaint, ¶ 6 (noting that Plaintiff worked for Defendant from January 2014 to March 2020).

21.     Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, well over $75,000 as of the date of this Notice of Removal. This sum is reflective of the alleged sum of $16,800 in lost income to date, $10,000 in civil penalties, $25,000 in emotional distress damages, an unknown sum for the alleged nonpayment of wages for all hours worked, including overtime compensation, a possible award of punitive damages, as well as additional compensation for meal and rest break premiums. In addition, Plaintiff's request for attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely than not that the total amount in controversy exceeds the jurisdictional amount of $75,000.

WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of Fresno, to the United States Court for the Eastern District of California.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

(No.  )                                            8.                    NOTICE OF REMOVAL OF CIVIL ACTION TO
                                                                                              FEDERAL COURT

Dated:        July 9, 2020                    LITTLER MENDELSON, P.C.

By: _____
RYAN L. EDDINGS
SYED H. MANNAN
Attorneys for Defendant
VITRO FLAT GLASS, LLC

4835-9086-2780.1 091086.1007

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

(No.  )                                              9.                       NOTICE OF REMOVAL OF CIVIL ACTION TO
                                                                                              FEDERAL COURT

EXHIBIT "A"

1   Matthew D. Owdom  #258779
    OWDOM LAW FIRM
2   632 West Oak Avenue
    Visalia, California 93291
3   Telephone:   559-429-4434
    matt@owdomlawfirm.com
4
    Attorneys for Plaintiff
5

E-FILED
5/4/2020
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         IN AND FOR THE COUNTY OF FRESNO

9

10  RAY BALLADAREZ,                          Case No.    20CECG01368

11                      Plaintiff,           COMPLAINT FOR DAMAGES

12  vs.

13

14  VITRO FLAT GLASS LLC, a Delaware
    Limited Liability Company; and DOES 1 - 50,
15  inclusive,

16                      Defendants.

17

18

19                                           DEMAND FOR JURY TRIAL

20

21       Plaintiff Ray Balladarez (*Plaintiff*) alleges as follows:

22                                  **PARTIES**

23       1.      Plaintiff is a resident of Fresno County, California.

24       2.      Defendant Vitro Flat Glass LLC (*VFG*) is a Delaware LLC operating in Fresno

25  County, California.  VFG produces glass for residential, commercial and specialty applications.

26       3.      The true names and/or capacities, whether individual, corporate, association of

27  otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff at this time, who

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL          -1-

therefore sues said Defendants by fictitious names. Plaintiff is informed and believes, and thereupon alleges that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby are proximately and legally the cause of the injuries and damages to Plaintiff hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

4.      At all times mentioned herein, in doing the things hereinafter alleged, each agent, officer, director, employee and representative of any entity Defendant that performed the actions for such entity Defendant, was acting within the course and scope of such agency, service and representation, and that such entity Defendant directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

5.      In doing the things hereinafter alleged, each agent, officer, director, employee and representative of any Defendant that performed the actions for such Defendant was acting within the course and scope of such agency, service and representation, and such Defendant directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

**COMMON ALLEGATIONS**

6.      Plaintiff worked for Vitro Glass as a lead maintenance technician from January 2014 to March 2020. Plaintiff was a loyal employee and hard worker, and possessed a good employment record, and likewise a good safety record.

7.      On or about March 15, 2020, Plaintiff and the incoming maintenance lead J.G. were investigating a call in the batch house basement area of VFG's facility. Both men climbed up and onto the soda ash platform; several other workers had been up there that day as well. As both men went to climb down from the platform, Plaintiff went first, out through the safety gate. As Plaintiff proceeded to close the safety gate, it simply came off in his hands. Plaintiff fell off the ladder and hit duct work on his way to the ground, a substantial distance down.

8.      Plaintiff's wife arrived to take him the Reedley Emergency Room, and Plaintiff was released at 11:30 p.m.  Plaintiff was subsequently placed on a 10 lbs lift restriction by the company's worker's comp physician; as a result, VFG had to assign a second worker to assist Plaintiff on his duties.

9.      Due to injuries sustained in the fall, Plaintiff took the next several days off.  When Plaintiff returned to work, he was astonished to receive a write-up for supposedly failing to perform preventive maintenance on the ladder in question, along with other ladders.  The claim by VFG underlying the write-up - that preventive maintenance on the ladder in question would have prevented the accident - is frivolous and a pretext for terminating Plaintiff following the accident and work restriction.  The ladder in question and other ladders owned by VFG contained structural defects that would not have been corrected by preventive maintenance whatsoever.

10.     Plaintiff thereafter lodged complaints with HR and VFG's safety department about the unsafe working conditions, the fall, and the maintenance of the ladders and company equipment.

11.     Plaintiff was then told to go home until further notice.

12.     Several days later, near the end of March 2020, Plaintiff was informed that he was being terminated for "threatening" behavior.  The allegations of "threatening" behavior are false, and were nothing more than a pretext to terminate Plaintiff as a result of his complaints about safety and/or on the basis of his work restriction following the injury, which restriction was set in place until April 6, 2020.  This action followed. Plaintiff obtained a right to sue letter from DFEH prior to filing this action, a true and correct copy of which is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (AGAINST ALL DEFENDANTS AND DOES 1-50)

13.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

---

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL          -3-

14.     Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including but not limited to unlawful retaliation for reporting safety violations, unsafe equipment, and as a result of his being injured on the job through no fault of his own, where VFG sought to avoid the inconvenience of having to assign another worker to Plaintiff in connection with his medical restriction.

15.     As an actual and proximate result of the termination in violation of public policy, Plaintiff has been damaged financially, emotionally and otherwise in a sum to be shown according to proof, in addition to costs and attorney's fees.  Finally, such acts were despicable and/or committed with malice and oppression such that an award of punitive damages is justified pursuant to Civil Code § 3294.

## SECOND CAUSE OF ACTION

## WHISTLEBLOWER WRONGFUL TERMINATION IN VIOLATION OF LABOR CODE § 1102.5

## (AGAINST ALL DEFENDANTS AND DOES 1-50)

16.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17.     As set forth above, Plaintiff's employment was terminated in violation of Labor Code § 1102.5(b) as a result of reporting safety violations to VFG personnel.

18.     As an actual and proximate result of the termination, Plaintiff has been damaged financially, emotionally and otherwise in a sum to be shown according to proof, in addition to costs and attorney's fees.  In addition, Defendants are liable for a $10,000.00 civil penalty to Plaintiff pursuant to § 1102.5(f). Finally, such acts were despicable and/or committed with malice and oppression such that an award of punitive damages is justified pursuant to Civil Code § 3294.

## THIRD CAUSE OF ACTION

## DISABILITY AND MEDICAL CONDITION DISCRIMINATION AND RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(a)

## (AGAINST ALL DEFENDANTS AND DOES 1-50)

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

19.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20.   At all relevant times herein, Plaintiff was an employee with a disability or medical condition; despite the disability and/or condition, Plaintiff was able to perform the essential functions of his job.

21.   Defendants, and each of them, knew of Plaintiff's disability or medical condition, and knew that Plaintiff was able to perform the essential functions of his job.

22.   Despite this knowledge, Defendants took adverse action(s) against Plaintiff, including failing to accommodate Plaintiff's disability or medical condition, and thereafter took additional adverse actions against Plaintiff, up to and including the actions described above, by terminating Plaintiff.

23.   As an actual and proximate cause of such adverse actions by Defendants, Plaintiff has and will continue to lose income in an amount to be shown according to proof at trial. Plaintiff further claims general damages in the form of mental and emotional distress and aggravation in an amount to be shown to proof at trial. Such acts were the product of malice, fraud or oppression such as to justify an award of punitive damages pursuant to Civil Code 3294.

## FOURTH CAUSE OF ACTION

### UNLAWFUL RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(n)

### (AGAINST ALL DEFENDANTS AND DOES 1-50)

24.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25   At all relevant times herein, Plaintiff was an employee with a disability or medical condition; despite the disability and/or condition, Plaintiff was able to perform the essential functions of his job.

26.   Plaintiff engaged in legally protective activity including but not limited to reporting or opposing retaliation for seeking accommodation, and reporting safety issues at VFG surrounding his fall.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

27.     As a result of engaging in the protected activity, Plaintiff was subjected to the adverse employment actions described herein.

28.     As an actual and proximate cause of such adverse actions by Defendants, Plaintiff has and will continue to lose income in an amount to be shown according to proof at trial. Plaintiff further claims general damages in the form of mental and emotional distress and aggravation in an amount to be shown to proof at trial. Such acts were the product of malice, fraud or oppression such as to justify an award of punitive damages pursuant to Civil Code 3294.

## FIFTH CAUSE OF ACTION

### FAILURE TO INVESTIGATE AND PREVENT OR REMEDY DISCRIMINATION AND RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(k)

### (AGAINST ALL DEFENDANTS AND DOES 1-50)

29.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

30.     Defendants, and each of them, and their employees and/or agents, failed to take reasonable steps to prevent discrimination and retaliation from occurring as against Plaintiff. Further, Defendants, and each of them, knew or should have known of the discrimination and retaliation against Plaintiff and failed to adequately investigate the nature and substance of the discrimination and retaliation as against Plaintiff and therefore failed to take immediate and appropriate corrective action. Defendants' response was so inadequate as to represent deliberate indifference or tacit acceptance of said conduct described above.

31.     As an actual and proximate cause of such adverse actions by Defendants, Plaintiff has and will continue to lose income in an amount to be shown according to proof at trial. Plaintiff further claims general damages in the form of mental and emotional distress and aggravation in an amount to be shown to proof at trial. Such acts were the product of malice, fraud or oppression such as to justify an award of punitive damages pursuant to Civil Code 3294.

///

///

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL AND/OR REST PERIODS IN VIOLATION OF CALIFORNIA**

**LABOR CODE § 226.7 AND INDUSTRIAL WELFARE COMMISSION REGULATIONS**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

32.     Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

33.     Labor Code section 512 provides that an employer may not work an employee for a period of longer than five hours per day without providing the employee with a meal period of not less than thirty minutes.  A second period is required if an employee works more than ten hours per day.  Unless the employee is relieved of all duty during his meal period, the employee is considered "on duty." In addition to "meal breaks," employers are required to provide rest breaks for each 4 hour period worked, which constitutes an additional violation.

34.     Labor Code section 226.7 requires the employer to pay the employee an additional hour of pay at the employee's regular rate for each meal or rest period not provided.

35.     At times relevant times, Defendants failed to provide Plaintiff with rest and meal periods, and Plaintiff is entitled to damages and penalties as a result in a sum to be shown at trial. At all times herein, Plaintiff was a non-exempt employee.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

**INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE §§**

**510, 512, 558, 1194 AND 1198**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

36.     Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

37.     Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulation, Title 8, § 11010, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (11/2) times the regular rate of pay for hours worked in

1   excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular
2   rate of pay for hours worked in excess of twelve (12) hours per day.

3       38.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of
4   Regulations, Title 8, § 11010, as of January 1, 1998, Defendants were required to compensate
5   Plaintiff for all overtime, which is calculated at one and one-half (11/2) times the regular rate of
6   pay for hours worked in excess of forty (40) hours per week.

7       39.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000,
8   California Code of Regulations, Title 8, § 11010, beginning on January 1, 2000 until the date
9   Plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff
10  for all overtime, which is calculated at one and one-half (11/2) times the regular rate of pay for
11  hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2)
12  times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

13      40.    As a proximate result of the aforementioned violations, Plaintiff has been damaged
14  in an amount presently unknown but which exceed the jurisdictional limit of this Court and which
15  will be ascertained according to proof at trial.

16      41.    Defendants' conduct described herein violates Labor Code §§ 510, 512, 558, 1194
17  and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties,
18  plus interest, and reasonable attorney's fees and costs of suit.

19                          **EIGHTH CAUSE OF ACTION**
20              **FAILURE TO COMPENSATE FOR ALL HOURS WORKED**
21              **UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION**
22                  **ORDER AND CALIFORNIA LABOR CODE § 1198**

23      42.    Plaintiff incorporates by reference the paragraphs above as though fully set forth
24  herein.

25      43.    At all times relevant herein, Defendants were required to compensate its hourly
26  employees for all hours worked upon reporting for work at the appointed time stated by the

27

28

employer pursuant to Industrial Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

44.    For the three (3) years preceding the filing of this action, Defendants failed to compensate Plaintiff for all hours worked.

45.    Under the aforementioned wage order and regulations, Plaintiff is to recover compensation for all hours worked by not paid by Defendants for the three (3) years preceding the filing of this Complaint.

46.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

47.    Defendants' conduct described herein violates Labor Code §§ 512, 558, 1194 and 1198. Therefore, pursuant to Labor Code §§ 281.512, 512, 558, and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, plus reasonable attorney's fees and costs of suit.

## NINTH CAUSE OF ACTION

## WAITING TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 203

## (AGAINST ALL DEFENDANTS AND DOES 1-50)

48.    Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

49.    Defendants, and each of them, willfully refused and continue to refuse, to pay Plaintiff's overtime in a timely manner, as required by Labor Code § 203. Moreover, Defendants did not pay Plaintiff's final paycheck at the time of his termination. Therefore, Plaintiff requests restitution, damages and penalties as provided by Labor Code § 203.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays relief as follows:

**ON ALL CAUSES OF ACTION FOR PLAINTIFF:**

1. For general and special damages in an amount to be determined at trial, which amount is over $25,000.00 and in the general jurisdiction of the Court, in addition to prejudgment interest;

2. For punitive damages;

3. For costs of suit, including expert costs as permitted by statue, in addition to prejudgment interest;

4. For attorney's fees;

5. For such other relief as the court may deem just and proper.

OWDOM LAW FIRM

Dated: April 28 2020

By: Matthew D. Owdom
Attorney for Plaintiff

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

-10-



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 28, 2020

Matthew Owdom
632 West Oak Avenue
Visalia, California 93291

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202004-10029628
Right to Sue: Balladarez / Vitro Flat Glass LLC

Dear Matthew Owdom:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



# EXHIBIT
'A'



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                                                  KEVIN KISH, DIRECTOR
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 28, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202004-10029628
      Right to Sue: Balladarez / Vitro Flat Glass LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 28, 2020

Ray Balladarez

,

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202004-10029628
       Right to Sue: Balladarez / Vitro Flat Glass LLC

Dear Ray Balladarez,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective April
28, 2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Ray Balladarez                                   DFEH No. 202004-10029628

                          Complainant,

vs.

Vitro Flat Glass LLC
3333 South Peach Avenue
Fresno, California 93725

                          Respondents
_____

1. Respondent **Vitro Flat Glass LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Ray Balladarez**, resides in the City of  State of .

3. Complainant alleges that on or about **April 6, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental).

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Plaintiff is a resident of Fresno County, California.

-1-
*Complaint – DFEH No. 202004-10029628*

Date Filed: April 28, 2020

Defendant Vitro Flat Glass LLC (VFG) is a Delaware LLC operating in Fresno County, California.  VFG produces glass for residential, commercial and specialty applications.

The true names and/or capacities, whether individual, corporate, association of otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by fictitious names.  Plaintiff is informed and believes, and thereupon alleges that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby are proximately and legally the cause of the injuries and damages to Plaintiff hereinafter alleged.  Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

At all times mentioned herein, in doing the things hereinafter alleged, each agent, officer, director, employee and representative of any entity Defendant that performed the actions for such entity Defendant, was acting within the course and scope of such agency, service and representation, and that such entity Defendant directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

In doing the things hereinafter alleged, each agent, officer, director, employee and representative of any Defendant that performed the actions for such Defendant was acting within the course and scope of such agency, service and representation, and such Defendant directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

Plaintiff worked for Vitro Glass as a lead maintenance technician from January 2014 to March 2020.  Plaintiff was a loyal employee and hard worker, and possessed a good employment record, and likewise a good safety record.

On or about March 15, 2020, Plaintiff and the incoming maintenance lead J.G. were investigating a call in the batch house basement area of VFG's facility.  Both men climbed up and onto the soda ash platform; several other workers had been up there that day as well.  As both men went to climb down from the platform, Plaintiff went first, out through the safety gate. As Plaintiff proceeded to close the safety gate, it simply came off in his hands. Plaintiff fell off the ladder and hit duct work on his way to the ground, a substantial distance down.

Plaintiff's wife arrived to take him the  Reedley Emergency Room, and Plaintiff was released at 11:30 p.m.  Plaintiff was subsequently placed on a 10 lbs lift restriction by the company's worker's comp physician; as a result, VFG had to assign a second worker to assist Plaintiff on his duties.

Due to injuries sustained in the fall, Plaintiff took the next several days off.  When Plaintiff returned to work, he was astonished to receive a write-up for supposedly failing to perform preventive maintenance on the ladder in question, along with other ladders.  The claim by VFG underlying the write-up - that preventive maintenance on the ladder in question would have prevented the accident - is frivolous and a pretext

Date Filed: April 28, 2020

for terminating Plaintiff following the accident and work restriction. The ladder in question and other ladders owned by VFG contained structural defects that would not have been corrected by preventive maintenance whatsoever.

Plaintiff thereafter lodged complaints with HR and VFG's safety department about the unsafe working conditions, the fall, and the maintenance of the ladders and company equipment.

Plaintiff was then told to go home until further notice.

Several days later, near the end of March 2020, Plaintiff was informed that he was being terminated for "threatening" behavior. The allegations of "threatening" behavior are false, and were nothing more than a pretext to terminate Plaintiff as a result of his complaints about safety and/or on the basis of his work restriction following the injury, which restriction was set in place until April 6, 2020.

Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including but not limited to unlawful retaliation for reporting safety violations, unsafe equipment, and as a result of his being injured on the job through no fault of his own, where VFG sought to avoid the inconvenience of having to assign another worker to Plaintiff in connection with his medical restriction.

As an actual and proximate result of the termination in violation of public policy, Plaintiff has been damaged financially, emotionally and otherwise in a sum to be shown according to proof, in addition to costs and attorney's fees. Finally, such acts were despicable and/or committed with malice and oppression such that an award of punitive damages is justified pursuant to Civil Code § 3294.

As set forth above, Plaintiff's employment was terminated in violation of Labor Code § 1102.5(b) as a result of reporting safety violations to VFG personnel.

As an actual and proximate result of the termination, Plaintiff has been damaged financially, emotionally and otherwise in a sum to be shown according to proof, in addition to costs and attorney's fees. In addition, Defendants are liable for a $10,000.00 civil penalty to Plaintiff pursuant to § 1102.5(f). Finally, such acts were despicable and/or committed with malice and oppression such that an award of punitive damages is justified pursuant to Civil Code § 3294.

At all relevant times herein, Plaintiff was an employee with a disability or medical condition; despite the disability and/or condition, Plaintiff was able to perform the essential functions of his job.

Defendants, and each of them, knew of Plaintiff's disability or medical condition, and knew that Plaintiff was able to perform the essential functions of his job.

Despite this knowledge, Defendants took adverse action(s) against Plaintiff, including failing to accommodate Plaintiff's disability or medical condition, and thereafter took additional adverse actions against Plaintiff, up to and including the actions described above, by terminating Plaintiff.

As an actual and proximate cause of such adverse actions by Defendants, Plaintiff has and will continue to lose income in an amount to be shown according to proof at trial. Plaintiff further claims general damages in the form of mental and emotional distress and aggravation in an amount to be shown to proof at trial. Such acts were

-3-

*Complaint – DFEH No. 202004-10029628*

Date Filed: April 28, 2020

the product of malice, fraud or oppression such as to justify an award of punitive damages pursuant to Civil Code 3294.

At all relevant times herein, Plaintiff was an employee with a disability or medical condition; despite the disability and/or condition, Plaintiff was able to perform the essential functions of his job.

Plaintiff engaged in legally protective activity including but not limited to reporting or opposing retaliation for seeking accommodation, and reporting safety issues at VFG surrounding his fall.

As a result of engaging in the protected activity, Plaintiff was subjected to the adverse employment actions described herein.

As an actual and proximate cause of such adverse actions by Defendants, Plaintiff has and will continue to lose income in an amount to be shown according to proof at trial. Plaintiff further claims general damages in the form of mental and emotional distress and aggravation in an amount to be shown to proof at trial. Such acts were the product of malice, fraud or oppression such as to justify an award of punitive damages pursuant to Civil Code 3294.

Defendants, and each of them, and their employees and/or agents, failed to take reasonable steps to prevent discrimination and retaliation from occurring as against Plaintiff. Further, Defendants, and each of them, knew or should have known of the discrimination and retaliation against Plaintiff and failed to adequately investigate the nature and substance of the discrimination and retaliation as against Plaintiff and therefore failed to take immediate and appropriate corrective action. Defendants' response was so inadequate as to represent deliberate indifference or tacit acceptance of said conduct described above.

As an actual and proximate cause of such adverse actions by Defendants, Plaintiff has and will continue to lose income in an amount to be shown according to proof at trial. Plaintiff further claims general damages in the form of mental and emotional distress and aggravation in an amount to be shown to proof at trial. Such acts were the product of malice, fraud or oppression such as to justify an award of punitive damages pursuant to Civil Code 3294.

Labor Code section 512 provides that an employer may not work an employee for a period of longer than five hours per day without providing the employee with a meal period of not less than thirty minutes. A second period is required if an employee works more than ten hours per day. Unless the employee is relieved of all duty during his meal period, the employee is considered "on duty." In addition to "meal breaks," employers are required to provide rest breaks for each 4 hour period worked, which constitutes an additional violation.

Labor Code section 226.7 requires the employer to pay the employee an additional hour of pay at the employee's regular rate for each meal or rest period not provided. At times relevant times, Defendants failed to provide Plaintiff with rest and meal periods, and Plaintiff is entitled to damages and penalties as a result in a sum to be shown at trial. At all times herein, Plaintiff was a non-exempt employee.

-4-

*Complaint – DFEH No. 202004-10029628*

Date Filed: April 28, 2020

Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulation, Title 8, § 11010, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (11/2) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, § 11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (11/2) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, § 11010, beginning on January 1, 2000 until the date Plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (11/2) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount presently unknown but which exceed the jurisdictional limit of this Court and which will be ascertained according to proof at trial.

Defendants' conduct described herein violates Labor Code §§ 510, 512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

At all times relevant herein, Defendants were required to compensate its hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer pursuant to Industrial Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

For the three (3) years preceding the filing of this action, Defendants failed to compensate Plaintiff for all hours worked.

Under the aforementioned wage order and regulations, Plaintiff is to recover compensation for all hours worked by not paid by Defendants for the three (3) years preceding the filing of this Complaint.

As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

Defendants' conduct described herein violates Labor Code §§ 512, 558, 1194 and 1198. Therefore, pursuant to Labor Code §§ 281.512, 512, 558, and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, plus reasonable attorney's fees and costs of suit.

Defendants, and each of them, willfully refused and continue to refuse, to pay Plaintiff's overtime in a timely manner, as required by Labor Code § 203. Moreover, Defendants did not pay Plaintiff's final paycheck at the time of his termination.

-5-

*Complaint – DFEH No. 202004-10029628*

Date Filed: April 28, 2020

1   Therefore,  Plaintiff requests restitution, damages and penalties as provided by
2   Labor Code § 203.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Complaint – DFEH No. 202004-10029628*

Date Filed: April 28, 2020

1  VERIFICATION

2  I, **Matthew D. Owdom**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On April 28, 2020, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.

6                                                                      **Visalia, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        -7-
                           *Complaint – DFEH No. 202004-10029628*

28  Date Filed: April 28, 2020

EXHIBIT "B"

1 | RYAN L. EDDINGS, Bar No. 256519
2 | SYED H. MANNAN, Bar No. 328218
LITTLER MENDELSON, P.C.
3 | 5200 North Palm Avenue, Suite 302
Fresno, CA  93704.2225
Telephone:  (559) 244-7500
4 | Fax No.:  (559) 244-7525
Email:  reddings@littler.com
5 |         smannan@littler.com

E-FILED
7/8/2020 9:21 AM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

6 | Attorneys for Defendant
VITRO FLAT GLASS, LLC

7 |

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF FRESNO

10 | RAY BALLADAREZ,

Case No.  20CECG01368

11 |                     Plaintiff,

**DEFENDANT VITRO FLAT GLASS, LLC'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

12 |          v.

13 | VITRO FLAT GLASS, LLC, a Delaware
Limited Liability Company, and DOES 1-
14 | 50, inclusive,

Trial Date: TBD

15 |                     Defendants.

Complaint Filed:  May 4, 2020

16 |

17 |

18 |          Defendant VITRO FLAT GLASS, LLC ("Defendant"), answering the Complaint of

19 | Plaintiff RAY BALLADAREZ ("Plaintiff") for itself alone and for no other Defendants, hereby

20 | answers Plaintiff's unverified Complaint (the "Complaint") as follows:

21 | **GENERAL DENIAL**

22 |          Pursuant to the provisions of the California Code of Civil Procedure section

23 | 431.30(d), Defendant denies generally and specifically each and every allegation contained in the

24 | Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or

25 | damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

26 | other conduct or absence thereof on the part of said Defendant.

27 | / / /

28 | / / /

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

1

**AFFIRMATIVE DEFENSES**

2

Without waiving or excusing the burden of proof of Plaintiff, or admitting that

3

Defendant has any burden of proof or persuasion, and incorporating herein by reference each and

4

every allegation made in the General Denial, Defendant asserts the following affirmative defenses.

5

Defendant is informed and believes that a reasonable opportunity for investigation and discovery

6

will reveal facts in support of the following:

7

**FIRST AFFIRMATIVE DEFENSE**

8

1.      As a separate and distinct affirmative defense, Defendant alleges that the

9

Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause

10

of action upon which relief can be granted.

11

**SECOND AFFIRMATIVE DEFENSE**

12

2.      As a separate and distinct affirmative defense, Defendant alleges that the

13

Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

14

**THIRD AFFIRMATIVE DEFENSE**

15

3.      As a separate and distinct affirmative defense, Defendant alleges that the

16

Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

17

**FOURTH AFFIRMATIVE DEFENSE**

18

4.      As a separate and distinct affirmative defense, Defendant alleges that the

19

Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

20

**FIFTH AFFIRMATIVE DEFENSE**

21

5.      As a separate and distinct affirmative defense, Defendant alleges that the

22

Complaint and each cause of action set forth therein are barred by the doctrine of laches.

23

**SIXTH AFFIRMATIVE DEFENSE**

24

6.      As a separate and distinct affirmative defense, Defendant alleges that the

25

Complaint and each cause of action set forth therein are barred by the doctrine of consent.

26

**SEVENTH AFFIRMATIVE DEFENSE**

27

7.      As a separate and distinct affirmative defense, Defendant alleges that to the

28

extent further investigation and discovery reveals any after-acquired evidence that bars any or

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

certain remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained against Defendant.

**EIGHT AFFIRMATIVE DEFENSE**

8.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff was an at-will employee at all relevant times, with no entitlement to continued employment pursuant to California Labor Code section 2922.

**NINTH AFFIRMATIVE DEFENSE**

9.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to take a reasonable affirmative action to mitigate his damages as they are alleged in the Complaint, and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the extent that Plaintiff has failed to mitigate his damages, if any, including but not limited to his failure to make reasonable efforts to seek and retain subsequent employment substantially similar to his employment with Defendant after the conclusion of his employment with Defendant.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might other be entitled must be denied or reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct, because Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the alleged incidents, and the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the alleged damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or omission on the part of Defendant, including but not limited to negligence and/or intentional conduct of third parties.

///

3.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

1

**TWELFTH AFFIRMATIVE DEFENSE**

2      12.    As a separate and distinct affirmative defense, Defendant alleges that

3  Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of avoidable

4  consequences.

5

**THIRTEENTH AFFIRMATIVE DEFENSE**

6      13.    As a separate and distinct affirmative defense, Defendant alleges that any

7  accommodation suggested or requested by Plaintiff, if any, was unreasonable and/or amounted to an

8  undue hardship to Defendant.

9

**FOURTEENTH AFFIRMATIVE DEFENSE**

10      14.    As a separate and distinct affirmative defense, Defendant alleges that

11  Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually

12  had a disability that required accommodation, Plaintiff, even with reasonable accommodation, was

13  unable to perform the essential duties of Plaintiff's positions and/or to perform these duties in a

14  manner that would not endanger Plaintiff's health or safety or the health or safety of others.

15

**FIFTEENTH AFFIRMATIVE DEFENSE**

16      15.    As a separate and distinct affirmative defense, Defendant alleges that the

17  Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if

18  any discriminatory, retaliatory, or otherwise unlawful motive existed in connection with any actions

19  taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in the same

20  conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

21

**SIXTEENTH AFFIRMATIVE DEFENSE**

22      16.    As a separate and distinct affirmative defense, Defendant alleges that any

23  employment practice maintained by Defendant, to the extent such practice may have impacted

24  Plaintiff with respect to any alleged protected status under the Fair Employment and Housing Act, is

25  justified either as a bona fide occupational qualification, by business necessity (including undue

26  hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action

27  plans and/or by requirement of law.

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to Defendant at the time it acted.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     As a separate and distinct affirmative defense, Defendant alleges that any unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or employees were outside the course and scope of their employment and authority, and such acts, if any, were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should not have known of such conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because at all relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established internal grievance and/or complaint procedure and any preventive or corrective opportunities provided to him by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's procedures as required by Defendant's employment policies would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical,

5.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, et seq., and California Labor Code section 132(a) to the extent that (1) an employee/employer relationship existed subject to workers' compensation coverage; (2) Defendant provided workers' compensation insurance at no cost to Plaintiff; (3) Plaintiff's conduct was within the course and scope of his employment; and (4) the alleged injuries, if any, were proximately caused by the employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As a separate and distinct affirmative defense, Defendant alleges that, if any mental or emotional distress was in fact suffered by Plaintiff, such mental or emotional distress was proximately caused by factors other than any act or omission of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all internal grievance and/or complaint procedures.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those set forth in California Government Code sections 12960 and 12965 and California Code of Civil Procedure sections 335.1, 338(a) and 339(l).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other sources, including but not limited to unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

6.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2       25.     As a separate and distinct affirmative defense, Defendant alleges that some or

3  all of Plaintiff's claims for damages are barred by the doctrine of set-off.

4

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

5       26.     As a separate and distinct affirmative defense, Defendant alleges that

6  Plaintiff's Complaint cannot be maintained because purported cause of action contained therein, is

7  barred in whole or in part by the *de minimis* doctrine.

8

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

9       27.     As a separate and distinct affirmative defense, Defendant alleges that the

10  Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust

11  administrative remedies.

12

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

13       28.     As a separate and distinct affirmative defense, Defendant alleges that the

14  Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that

15  they exceed the scope of the charges made by Plaintiff before the California Department of Fair

16  Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

17

### RESERVATION OF ADDITIONAL DEFENSES

18       Defendant alleges that because the Complaint is couched in conclusory terms, all

19  affirmative defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to

20  assert additional affirmative defenses, if and to the extent that such affirmative defenses are

21  applicable, is reserved.  In addition, Defendant reserves the right to amend this answer should

22  Defendant later discover facts demonstrating the existence of new and/or additional affirmative

23  defenses, and/or should a change in the law support the inclusion of new and/or additional

24  affirmative defenses.

25

### JURY DEMAND

26       Defendant requests trial by jury on all causes of action triable to a jury.

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint

## **PRAYER**

WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

1.     That Plaintiff takes nothing by the way of the Complaint on file herein;

2.     That judgment be awarded in favor of Defendant;

3.     That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

4.     That Defendant be awarded all costs of suit incurred by it in this action;

5.     That Defendant be awarded its reasonable attorneys' fees; and

6.     For such other and further relief as the Court may deem just and proper.

Dated: July 8, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
VITRO FLAT GLASS, LLC

4845-7822-7132.1 091086.1007

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559.244.7500

8.

1

**PROOF OF SERVICE**

2

        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On July 8, 2020, I served the within document(s):

3

4

**DEFENDANT VITRO FLAT GLASS, LLC'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

5

6

☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

7

8

9

10

11

12

☐    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

13

14

    ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

16

    ☐    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17

18

19

        I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

20

21

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

22

23

24

☐    **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

1   ☐   **By fax transmission.** Based on an agreement of the parties to accept service by
2       fax transmission, I faxed the documents to the persons at the fax numbers listed
        below. No error was reported by the fax machine that I used. A copy of the
3       record of the fax transmission, which I printed out, is attached.

4   ☒   **By electronic service.** Based on a court order or an agreement of the parties to
        accept electronic service, I caused the documents to be sent to the persons at the
5       electronic service addresses listed below.

6       Matthew D. Owdom
        Owdom Law Firm
7       632 West Oak Avenue
        Visalia, CA 93291
8       Telephone: (559) 750-5224
9       Email: matt@owdomlawfirm.com

10          I am readily familiar with the firm's practice of collection and processing
    correspondence for mailing and for shipping via overnight delivery service. Under that practice it
11  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees
12  thereon fully prepaid in the ordinary course of business.

13          I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct. Executed on July 8, 2020, at Fresno, California.
14

15

16                                                      _____
                                                            Jennifer A. Drudge
17  4816-8708-8059.1

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

                                    2.

                            PROOF OF SERVICE

EXHIBIT "C"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA  93704.2225
   Telephone:  (559) 244-7500
4  Fax No.:  (559) 244-7525
   Email:  reddings@littler.com
5          smannan@littler.com

6  Attorneys for Defendant
   VITRO FLAT GLASS, LLC

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF FRESNO

10  RAY BALLADAREZ,                    Case No.  20CECG01368

11              Plaintiff,             **DEFENDANT  VITRO  FLAT  GLASS,
                                       LLC'S  NOTICE  TO  PLAINTIFF  OF
12       v.                            REMOVAL  OF  CIVIL  ACTION  TO
                                       FEDERAL COURT**
13  VITRO FLAT GLASS, LLC, a Delaware
    Limited Liability  Company, and DOES 1-
14  50, inclusive,

15              Defendants.            Trial Date: TBD
                                       Complaint  Filed:  May 4, 2020
16

17

18          **TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:**

19               PLEASE TAKE NOTICE THAT on July 9, 2020, Defendant VITRO FLAT GLASS,

20  LLC ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in

21  the United States District Court for the Eastern District of California. A true and correct copy of

22  Defendant's Notice of Removal is attached hereto as Exhibit A.

23  Dated: July 9, 2020

24

25                                         _____
26                                         RYAN L. EDDINGS
                                           SYED H. MANNAN
27                                         LITTLER MENDELSON, P.C.
                                           Attorneys for Defendant
28  4819-1294-3804.1 091086.1007          VITRO FLAT GLASS, LLC

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California  93704.2225.  On July 9, 2020, I served the within document(s):

## DEFENDANT VITRO FLAT GLASS, LLC'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

☐ **By personal service.**  I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

   ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

☐ **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

PROOF OF SERVICE

1    ☐    **By fax transmission.**  Based on an agreement of the parties to accept service by
2         fax transmission, I faxed the documents to the persons at the fax numbers listed
         below. No error was reported by the fax machine that I used. A copy of the
3         record of the fax transmission,  which I printed out, is attached.

4    ☒    **By electronic service.**  Based on a court order or an agreement of the parties to
         accept electronic service, I caused the documents to be sent to the persons at the
5         electronic service addresses listed below.

6         Matthew D. Owdom
7         Owdom Law Firm
         632 West Oak Avenue
8         Visalia, CA 93291
         Telephone: (559) 750-5224
9         Email: matt@owdomlawfirm.com

10        I am readily familiar with the firm's practice of collection and processing
correspondence for mailing and for shipping via overnight delivery service.  Under that practice it
11   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
deposited in an overnight delivery service pick-up box or office on the same day with postage or fees
12   thereon fully prepaid in the ordinary course of business.

13        I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.  Executed on July 9, 2020, at Fresno, California.

14

15

16   _____
                              Jennifer A. Drudge

17   4816-8708-8059.1

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.

PROOF OF SERVICE

EXHIBIT "D"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA  93704.2225
   Telephone:  (559) 244-7500
4  Fax No.:  (559) 244-7525
   Email:  reddings@littler.com
5          smannan@littler.com

6  Attorneys for Defendant
   VITRO FLAT GLASS, LLC

7

8              SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF FRESNO

10 RAY BALLADAREZ,                    Case No.  20CECG01368

11             Plaintiff,             **DEFENDANT VITRO FLAT GLASS,
                                      LLC's NOTICE TO STATE COURT OF**
12        v.                          **REMOVAL OF CIVIL ACTION TO**
                                      **FEDERAL COURT**
13 VITRO FLAT GLASS, LLC, a Delaware
   Limited Liability  Company, and DOES 1-
14 50, inclusive,
                                      Trial Date: TBD
15            Defendants.             Complaint Filed:  May 4, 2020

16

17

18        **TO THE CLERK OF THE ABOVE-TITLED COURT:**

19             PLEASE TAKE NOTICE that on July 9, 2020, the above-captioned matter was

20 removed from the Superior Court of the State of California, County of Fresno, where it was

21 previously pending, to the United States District Court for the Eastern District of California,

22 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of the Notice of Removal filed by

23 Defendant VITRO FLAT GLASS, LLC, is attached hereto as Exhibit  1.

24             PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

25 filing of a Notice of Removal in the United States District Court, together with the filing of a copy of

26 a Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this

27 Court may proceed no further unless and until the case is remanded.

28 / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Dated: July 9, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
VITRO FLAT GLASS, LLC

4845-2147-3724.1 091086.1007

DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**PROOF OF SERVICE**

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On July 9, 2020, I served the within document(s):

**DEFENDANT VITRO FLAT GLASS, LLC'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one)*:

    ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

       I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*: **Fresno, California**.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

1
2
3

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

4
5

☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

6
7
8
9

Matthew D. Owdom
Owdom Law Firm
632 West Oak Avenue
Visalia, CA 93291
Telephone: (559) 750-5224
Email: matt@owdomlawfirm.com

10
11
12

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

13
14

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 9, 2020, at Fresno, California.

15
16

Jennifer A. Drudge

17

4816-8708-8059.1

18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.

PROOF OF SERVICE